FOOD CENTER, INC., Food Fair, Inc., New England Food Fair Stores Trading Corp., Brookfield Market, Inc., New England Food Fair Liquors, Inc., Food Center Liquors, Inc.

v.

FOOD FAIR STORES, INC., Food Fair Stores Corporation.

Civ. A. No. 62-456-W.

United States District Court
D. Massachusetts.

July 2, 1965.

James St. Clair, Robert Gorfinkle, Boston, Mass., for plaintiff.

James Lynch, Jr., Roger Evans and Lane McGovern, Boston, Mass., Warren Kaps, New York City, for defendant.

WYZANSKI, District Judge.

This case comes before this court upon a complaint and counterclaim.

Plaintiffs (who, for present purposes, may be treated as one enterprise) in their complaint pray that this court restrain Food Fair Stores, Inc. and Food Fair Stores Corporation (who also, for present purposes, may be treated as one enterprise) from further proceeding in their plans and preparations, either directly or indirectly, to enter the Massachusetts area under the trade name "Food Fair" and from erecting signs proclaiming such plans and preparations. Also, the complaint prays that the court enjoin defendants from using the words "Food Fair" or any combination or variation of said words—presumably (though this is not explicitly acknowledged) only within New England and not universally.

Defendants' counterclaim prays that plaintiffs, New England Food Fair Stores Trading Corp., Food Fair, Inc., and Food Center Liquors, Inc. be enjoined from using in the operation or advertisement of the business of each one of them the name "Food Fair" or any name containing the words "Food Fair" or any variation or imitation of those words.

This case is an outgrowth or later stage of matters which were first considered by this court in Food Fair Stores, Inc. v. Food Fair, Inc., Civil Action 7375, 83 F.Supp. 445 (D.Mass.) wherein this court issued its judgment enjoining Food Fair, Inc. from using in the operation of its business the words "Food Fair" simpliciter or even in combination unless such words were prefaced by a descriptive word or words such as Rodman's, Brookline, or New England. The judgment of this court was affirmed by the Court of Appeals for the First Circuit, in accordance with an opinion by that court in Food Fair Stores, Inc. v. Food

Fair, Inc., Food Fair, Inc. v. Food Fair Stores, Inc., Nos. 4402, 4403, 177 F.2d 177 (1st Cir.). Thereafter, one of the present plaintiffs, Food Fair, Inc., being the defendant in the earlier litigation, chose to conduct most of its business under the style and trade name "New England Food Fair."

Such style was used by plaintiffs or one of them in conducting stores at 10 Harvard Square, Brookline, 525 Harvard Street, Brookline, and 146 Huntington Avenue, Boston, and in Danvers, Massachusetts, they being a liquor store and three supermarkets. Plaintiffs advertise their trade name in newspapers and trade journals published in New England states. For example, advertisements have appeared in the Boston Globe, Boston Traveler, Boston Herald, Boston Record-American, Christian Science Monitor, Worcester Telegram, Holyoke Transcript-Telegram, Lawrence Tribune, Springfield Union and Republican, Holyoke Saturday Democrat, Attleboro Sun, Weston Town Crier, Jewish Advocate (Boston), Modern Retailer (Boston), Barron's, and Yankee Grocer (Boston).

There is substantial, credible, and credited evidence that "New England Food Fair" is a trade name that has acquired in Greater Boston, in Danvers, and to some extent in other parts of Eastern Massachusetts a secondary meaning to the effect that the enterprises conducted under that name have as their source one or more of plaintiffs. But the secondary meaning has significance only within the Eastern part of the Commonwealth of Massachusetts and on its fringes. Those who know the name associate it with a quite local enterprise having its outlets and almost all its clientele in Brookline, in other parts of Greater Boston, in Danvers, and in the vicinity of those places.

From time to time those concerned with the plaintiffs' enterprises have thought of expanding toward the Western part of Massachusetts and elsewhere in New England. Property has been bought but expansion of the business has not occurred. Plaintiffs have neither the resources, nor the business capacity, nor the firm determination to carry into fresh territory in the immediate future the business which they now conduct.

Moreover, plaintiffs well knew that when one of them, Food Fair, Inc., partially and *only partially*, prevailed in the earlier litigation, the terms of the decree gave it the limited chance to limp in the competitive race with the name "Food Fair" if, but only if, there were added a distinguishing prefix to avoid conflict or confusion with the much broader and more famous secondary meaning "Food Fair" which Food Fair Stores, Inc. had acquired in what is virtually a national market, or at any rate an East of Mississippi market.

This opinion now summarizes the dominant facts regarding defendants' growth and operations since this court and the Court of Appeals heard the cognate litigation of a decade and a half ago.

The first point to emphasize is that Food Fair stores have continued their phenomenal growth as among the largest chains of supermarket grocery stores. Their national reputation, particularly strong in 14 or 15 states East of the Mississippi, resulting from direct purchases of raw material and other products, sales through retail stores, advertising, and roles in financial markets, has been constantly growing. The reputation in Massachusetts has existed for over a decade and a half and has increased each year, and thus has established for the names under which defendants do business a secondary meaning among producers, consumers, competitors, and investors.

Many well-informed consumers and producers know the trade names of Food Fair Stores as they know of the trade names of other giant retail enterprises in the United States. Moreover, many Massachusetts citizens, when travelling in states in the Eastern part of the United States, have seen the stores of the company, generally prominently located, and obviously maintaining high standards (of which plaintiffs may well

be envious), in most of the major centers of the nation.

While Food Fair Stores, Inc., one of the defendants, has not been operating under its own name in Massachusetts, it has had a food department in a J. M. Fields store in Medford, Massachusetts where goods are sold under the brand name of one of defendants.

Moreover, defendants have acquired sites in Massachusetts, particularly locations in Springfield, and have seriously contemplated other sites, with a view to opening supermarkets in this Commonwealth. Defendants have the resources, ability, and will *presently*, not in the distant future, to enter vigorously into competition in Massachusetts.

In Massachusetts defendants have continuously purchased commodities and the company is widely and favorably known, not merely to suppliers, but to competitors. In addition, as already indicated, there are ultimate consumers in Massachusetts who know favorably of the company. Incidentally, several hundred Massachusetts citizens are stockholders of one or more of the defendants' enterprises.

It is unnecessary to recite any more details which would, in general, merely corroborate the outlines of the respective economic positions of the parties to this case and of the degree to which they have or lack well-established markets, and have or lack within those markets well-established reputations which have given a secondary meaning to the titles under which they do business and market products.

What is decisive in this case is that under the judgments of this court and the Court of Appeals, plaintiffs well knew that they started their race for business with a limp deliberately inflicted by this court and the court above. If the plaintiffs chose to go ahead with a name which gave them something less than complete freedom to run in a championship manner, they knowingly ran that risk.

Whether one takes as the standard of measurement the Massachusetts Dilution Statute, the principles of federal trademark law, or the common law as applied in Massachusetts and derivatively in the federal courts, the plaintiffs are unable to prevail. They are held close to the ground they first occupied by the Achilles' heel with which they began life.

Put another way, plaintiffs are in no position to complain of the use by defendants in Massachusetts or elsewhere of defendants' original and first used trade-name "Food Fair" which was left by this court's and the Court of Appeals' opinions free to grow in this or other parts of the nation.

Nor have the defendants any valid claim to preclude plaintiffs from continuing to enjoy the benefit of the judgment they secured more than a decade and a half ago. Whether erroneously or otherwise, this court and a higher court have given plaintiffs the opportunity to develop in this Commonwealth business enterprises under the name New England Food Fair. Ancient error is often a sound basis for a good present title. This case creates no exception to that rule.

Both the complaint and the counterclaim are dismissed with prejudice and without costs.